(81 App. Div. 311.)

BRUCE v. HURLBUT.

(Supreme Court, Appellate Division, Third Department. March 11, 1903.)

1 REAL ESTATE BROKERS—COMMISSIONS—ACTION—INSTRUCTION.
    In an action by a real estate broker for commissions it appeared that the owner authorized plaintiff to sell certain real estate for $41,000, agreeing to pay a commission. Plaintiff claimed the making of a verbal modification to the effect that he should receive the commission without regard to price, which modification was denied. A contract was introduced in evidence between the owner and another for a sale for $40,000, but it was claimed that certain interlineations in the contract were made after it had been signed by the owner, and that he never agreed to it in its altered condition. There was also evidence that plaintiff procured a purchaser for $42,000, but the owner refused to perform. *Held*, that it was error to instruct that the commission was not to be paid unless the sale was consummated, and that the risk of failure was wholly on the broker.

Appeal from Trial Term.

Action by De Witt Bruce against Kate Bleecker Hurlbut, as executrix of Gansevort De W. Hurlbut. From a judgment for defendant, and from an order denying a new trial, plaintiff appeals. Reversed.

See 62 N. Y. Supp. 217.

Argued before PARKER, P. J., and CHASE, CHESTER, and LYON, JJ.

John De Witt Peltz, for appellant.

Montignani, Mallory & Elmendorf, for respondent.

LYON, J. This action was brought to recover a brokerage commission of $1,000 for the alleged sale of real estate in Albany known as "Van Vechten Hall." Defendant's intestate, in writing, authorized plaintiff to sell the real estate for $41,000, terms cash upon delivery of deed, and agreed to pay plaintiff, as commissions, $1,000, from the proceeds of said sale. Plaintiff claimed the making of a verbal modification of this writing to the effect that plaintiff should receive said commission without regard to the price for which defendant's intestate might sell the property. Defendant denied the alleged verbal modification of the writing. Plaintiff induced one Dudley to agree to purchase the property for $40,250, and a contract there-

for in due form,· containing certain interlineations as to the nature of the deed to be given, and bearing the canceled signatures of the parties, was introduced in evidence. Plaintiff claimed that this contract was signed, delivered, and accepted by both parties without the interlineations, and that the interlineations were later made with defendant's consent. Defendant claimed, however, that the interlineations were made after the contract had been signed by her intestate, and without his consent, and before being signed by Dudley, and that defendant's intestate never agreed to the contract in its altered condition. A few days subsequent to the cancellation of this contract, defendant's intestate stated to plaintiff that he had increased the price to $42,000, and plaintiff then telephoned Dudley, with the knowledge and consent of defendant's intestate, offering the property for that sum. This offer, both plaintiff and Dudley testified, Dudley accepted, which fact plaintiff testified that he communicated on the afternoon of ·the same day to defendant's intestate, who then stated he had been thinking the matter over, and had decided not to sell for $42,000. Defendant's intestate later called Dudley by telephone, and offered to sell the property at an increased price, which he did not state in his testimony, but which Dudley testified was $43,000. Dudley answered that he would later telegraph his decision, which he did, declining to pay $43,000 for the property. Dudley testified that he was not only willing, but was able, to pay $42,000 for the property. No further negotiations were had with Dudley for the sale of the property, and, defendant's intestate refusing plaintiff's demand for the payment of brokerage commission, this action was brought.

The defendant asked the court to charge, among other requests, as follows:

"Sixth. Under the contract in this case between plaintiff and defendant, the commission was not to be paid unless the sale was consummated."

"Fourteenth. The risk of failure is wholly the broker's, and reward comes only with his success."

Each of these requests was charged, and plaintiff excepted. The plaintiff contends that the effect of the instructions contained in these requests to charge was to lead the jury to believe that plaintiff could not recover even if the jury should find that the contract of brokerage was modified as plaintiff claimed, and that the contract of sale was executed, delivered, and accepted prior to the interlineations being made, for the reason that the sale was not consummated; also that the plaintiff could not recover, even should the jury find that the offer to sell the real estate for $42,000 was later duly made and accepted, for the reason that the sale was not consummated, although the failure to consummate the sale arose solely. by reason of the refusal of defendant's intestate to stand by his offer.

We think there is force in plaintiff's contention notwithstanding the language of the main body of the charge, and that it cannot be said that the jury did not take the view which plaintiff claims, particularly as to the offer and acceptance at $42,000.

We think the judgment and order should be reversed, and a new trial granted, with costs to abide the event. All concur.